UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**RACHEL SANCHEZ NIETO**, an individual,
Plaintiff,

Hon.
Case No.

v.

**INTEX TECHNOLOGIES, LLC,**
A Domestic Limited Liability Company**,**
**DAYA CODA,** an individual,
jointly and severally
Defendants

| | |
|---|---|
| **AVANTI LAW GROUP, PLLC**<br>Robert Anthony Alvarez (P66954)<br>Victor M. Jimenez Jr. (P85194)<br>Attorneys for Plaintiff<br>600 28th St. SW<br>Wyoming, MI 49509<br>(616) 257-6807<br>ralvarez@avantilaw.com | |

## PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND

NOW COMES Plaintiff, by and through her attorneys at the Avanti Law Group, PLLC, and in her Original Complaint states as follows:

1. Plaintiff, brings this action pursuant to the Family and Medical Leave Act, 29 U.S.C. § 2601, et seq. ("FMLA"), to remedy illegal discrimination, retaliation, and termination by Intex Technologies

## JURISDICTION AND VENUE

2. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331.

3. Defendant Intex is and was at all times relevant incorporated in the State of Michigan and has a principal place of business located in Hudsonville, Michigan, within the United States Judicial District of the Western District of Michigan.

1

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the actions and omissions giving rise to the claims pled in this Complaint occurred in this District.

## PARTIES

5. Plaintiff Rachel Sanchez Nieto is an individual who at all times relevant to this complaint resided in the County of Kent, State of Michigan.

6. Defendant Intex Technologies LLC (hereinafter referred to as "Intex") is a domestic limited liability company whose registered office is located at 3133 Highland Blvd Hudsonville MI 49426.

7. Defendant Daya Coda (hereinafter referred to as "Daya") is an individual owner or has a controlling interest in Intex Technologies.

## GENERAL ALLEGATIONS

8. Plaintiff worked for the Defendants from January 2022 to December 7, 2024

9. In January 2023 Plaintiff informed Defendants that her father was going into hospice and that she would be the primary caregiver for him.

10. Plaintiff was designated the primary caregiver of her ailing father and this entailed: ascertaining management of medications, medical appointments, and monitoring his health.

11. Plaintiff informed Defendants of this responsibility and the effects of undertaking this responsibility.

12. Plaintiff at times would come into work late or leave in the middle of the work day because she was contacted by the hospice nurse regarding her father's care.

13. While taking care of her father, Defendant Kameron stated that it was okay for her to come in late or leave early, because she could always make up the time.

2

14. Defendants used Plaintiff's sick pay and vacation time while she was caring for her father.

15. Around September 7, 2023 days Plaintiff was emitted into the hospital due to her Atrial-Fibrillation. While in the hospital Plaintiff was not offered FMLA.

16. On December 7, 2024 Plaintiff provided Defendants with a doctor's note stating that her husband was in the Emergency Room due to a medical emergency.

17. Plaintiff was then terminated by Defendant Daya on that same day.

18. Defendants knowingly and willfully disregarded the provisions of the FMLA as evidenced by their failure to inform Plaintiff about her rights under the FMLA act throughout her entire employment and failing to provide her with leave under the FMLA.

19. Defendants misled Plaintiff into believing that she was not entitled to leave throughout her entire employment.

## COUNT I
## VIOLATION OF THE
## FAMILY AND MEDICAL LEAVE ACT 29 U.S. Code § 2601

20. Plaintiff incorporates by reference the preceding paragraphs as though set forth fully herein.

21. Defendants are and have been at all relevant times engaged in commerce or in an industry or activity affecting commerce.

22. Defendants employed 50 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding year.

23. Defendants are employers within the meaning of section 101(4) of the FMLA.

24. Plaintiff had been employed by Defendants for at least 12 months and had performed at least 1,250 hours of service with Defendants during the previous twelve-month period.

25. Furthermore, at the time of the relevant requests, Nieto had not taken 12 weeks of leave in a 12-month period.

26. Plaintiff was entitled to leave as provided under section 102(a) of the FMLA.

27. Defendants failed to inform Plaintiff of her rights under the FMLA (29 U.S.C.A. §2601 et seq.)

28. Defendants interfered with Plaintiff's federally-protected right to FMLA leave by among other things, terminating her from her employment.

29. This course of conduct was a willful violation of the FMLA, entitling Plaintiff to liquidated damages.

30. As a result of Defendant's unlawful conduct, Plaintiff was harmed, and continues to be harmed, in that she has suffered economic and non-economic loss, including but not limited to, lost wages, damage to professional reputation, emotional distress, outrage, and humiliation.

## COUNT II
## FAMILY AND MEDICAL LEAVE ACT RETALIATION

31. Plaintiff incorporates by reference the preceding paragraphs as though set forth fully herein.

32. Defendants are and have been at all relevant times engaged in commerce or in an industry or activity affecting commerce.

33. Defendants employed 50 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding year.

34. Defendants are employers within the meaning of section 101(4) of the FMLA.

35. Plaintiff had been employed by Defendants for at least 12 months and had performed at least 1,250 hours of service with Defendants during the previous twelve-month period.

36. Furthermore, at the time of the relevant requests, Nieto had not taken 12 weeks of leave in a 12-month period.

37. Plaintiff's leave was FMLA qualified as it was necessary for her to take care of her father 29 U.S.C. § 2612(a)(1)(C).

38. Plaintiff gave Defendant appropriate notice for her to care for her father while he was in hospice.

39. Defendant retaliated against Plaintiff's due to her exercise of her federally-protected right to FMLA leave by among other things, terminating her.

40. This course of conduct was a willful violation of the FMLA, entitling Plaintiff to liquidated damages.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff requests the following relief:

A. Compensatory damages for monetary and nonmonetary loss in whatever amount she is found to be entitled;

B. Liquidated damages under the Family Medical Leave Act;

C. Exemplary and Punitive damages in whatever amount she is found to be entitle;

D. A judgment for lost wages and benefits, past and future, in whatever amount she is found to be entitled;

E. An order of this Court reinstating Plaintiff to the positions she would have if there had been no wrongdoing by Defendants;

F. An award of interest, costs and reasonable attorney fees; and

G. The Court grants such other and further relief as the Court may deem just or equitable.

Respectfully Submitted,

*/s/   Robert Anthony Alvarez* .
Robert Anthony Alvarez (P66954)
Attorney for Plaintiff
Avanti Law Group. PLLC

## REQUEST FOR TRIAL BY JURY

NOW COMES Plaintiff, by and through her attorney, and hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Respectfully Submitted,

*/s/   Robert Anthony Alvarez* .
Robert Anthony Alvarez (P66954)
Attorney for Plaintiff
Avanti Law Group. PLLC

VERIFICATION

I declare under penalty of perjury that the foregoing is true and correct.

Date: Aug. 30, 2024

/s/ Rachel Sanchez Nieto
Rachel Sanchez Nieto